THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT TALONE, D.O., CRAIG WAX, D.O., RICHARD RENZA, D.O., and ROY STOLLER, D.O., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN OSTEOPATHIC ASSOCIATION,<br><br>Defendant. | Civil Action No.: 1:16-cv-04644-NLH-JS |

## ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND <u>APPROVING CLASS NOTICE</u>

**THIS MATTER** having been opened to the Court by Class Counsel, on behalf of Albert Talone, D.O., Craig Wax. D.O., Richard Renza, D.O., and Roy Stoller, D.O. ("Plaintiffs" or "Class Representatives") by way of their unopposed motion for preliminary approval of their proposed settlement with the American Osteopathic Association ("AOA" and, with Class Representatives, the "Parties") in the above Action;

**WHEREAS**, the Court having reviewed and considered the motion for preliminary approval and supporting materials filed by Class Counsel, and having also reviewed the court file in this Action; and

**WHEREAS**, this Court has fully considered the record and the requirements of law, and good cause appearing;

**IT IS ON THIS** __25th__ day of _____July_____, 2018, **ORDERED** that the settlement (including all terms of the Settlement Agreement and Release, dated July 2, 2018, between Class Representatives and AOA, and exhibits thereto) (the "Agreement") is hereby **PRELIMINARILY APPROVED**.

The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, and venue is proper in this district.

2. The Court has personal jurisdiction over the Class Representatives, all Settlement Class Members, and the AOA.

3. The Agreement appears to be the product of serious, informed, non-collusive, and good faith negotiations between the parties. The Agreement falls well within the range of reasonableness. The Agreement has no obvious deficiencies. The Agreement does not unreasonably favor the Class Representatives or any segment of the Settlement Class and Sub-Classes.

4. Because the Agreement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Agreement and all of its exhibits.

5. The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(2) have been satisfied, including that the proposed Settlement Class and Sub-Classes are currently and readily ascertainable based on objective criteria.

6. The Court certifies the Settlement Class, as follows:

> All persons who were members of AOA (regardless of membership category) and all persons or entities who paid dues on behalf of anyone who was a member of AOA at any time since August 1, 2012.

7. The Court certifies the AOA Board Certified Sub-Class as follows:

> All members of the Settlement Class that have held AOA Board certifications since August 1, 2012.

8. The Court certifies the Lifetime Sub-Class as follows:

> All members of the Settlement Class who were given "lifetime" Board certification.

9. The Court hereby appoints the following Individuals as Class Representatives: Albert Talone, D.O., Craig Wax. D.O., Richard Renza, D.O., and Roy Stoller, D.O.

10. The Court conditionally certifies the proposed Settlement Class and Sub-Classes, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a) Pursuant to Fed. R. Civ. P. 23(a)(l), the members of the Settlement Class and Sub-Classes are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court determines that there are common issues of law and fact for the Settlement Class and Sub-Classes, including, among others:

    (i) Whether the DO Board Certification Market and the Association Membership Market are separate product markets;

    (ii) Whether, during the relevant period, the AOA had market power in the DO Board Certification Market;

    (iii) Whether, during the relevant period, the AOA exploited its market power in the DO Board Certification Market by conditioning AOA Board certification on the purchase of annual membership in the AOA (the "Challenged Rule");

    (iv) Whether the Challenged Rule affected a substantial amount of interstate commerce and/or commerce in New Jersey;

    (v) Whether the Challenged Rule caused anticompetitive effects nationally and/or in New Jersey;

     (vi)  Whether there were any procompetitive justifications for the Challenged Rule;

     (vii)  Whether the AOA misrepresented the "lifetime" nature of the AOA Board certifications originally granted as such; and

     (viii)  Whether the AOA's conduct violated Section 1 of the Sherman Act, Section 3 of the New Jersey Antitrust Act, and the New Jersey Consumer Fraud Act.

  (c)  Pursuant to Fed. R. Civ. P. 23(a)(3), the Class Representatives claims are typical of the claims of each member of the Settlement Class and Sub-Classes, because their claims are based on the same allegedly unlawful conduct by the AOA.

  (d)  Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and Sub-Classes, and the interests of the Class Representatives are not antagonistic to those of the Settlement Class and Sub-Classes. Furthermore, the Class Representatives are represented by counsel that is experienced and competent in the prosecution of complex class action litigation.

  11.  The Court further finds, for settlement purposes only, that the requirements of Rule 23(b)(2) are satisfied, namely that AOA has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole, and that the Class and Sub-Class are properly certified as mandatory, non-opt out classes.

  12.  The Court finds that any of the Mailed Notice, Publication Notice, and Long-Form Notice on the Settlement Website, attached to the Agreement as Exhibits 1, 2 and 3, (1) are the best practicable notice; (2) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit and their right to object to the proposed settlement; (3) are reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (4) meet due process and all other applicable legal

requirements, including the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly the Court approves each Notice.

13. This Court further approves the proposed methods for giving notice of the settlement to Settlement Class Members, as reflected in the Agreement and the motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Agreement, and the notice procedures, and finds that the Settlement Class Members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal for the AOA to use reasonable diligence to identify potential Settlement Class Members and an associated address or email address in the AOA's records, and to use this information to mail or email (or, at AOA's discretion, to cause a Settlement Administrator to mail or email) Settlement Class Members notice via first class mail or email. The Court also orders payment of notice costs as provided in the Agreement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(l), and due process.

14. The Court hereby appoints Duane Morris LLP as Class Counsel pursuant to Rule 23(g) and preliminarily finds that they fairly and adequately represent the interests of the Settlement Class and Sub-Classes.

15. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on _____ [11/9/18 at 2:00 p.m.], to consider final approval of the Agreement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (1) whether the Action should be certified for settlement purposes only as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2); (2) whether the terms and conditions of the Agreement are substantively and procedurally fair, reasonable and adequate, and in the best interests of the Class; (3) whether

5

final judgment should be entered dismissing the Action with prejudice, releasing the Released Claims (as defined in the Agreement), and barring and enjoining prosecution of any and all Released Claims, including claims for damages; (4) Class Counsel's application for an award of attorneys' fees and costs; (5) Class Counsel's application for an award of service payments to the Class Representatives; and (6) any objections to the Settlement and/or the application of Class Counsel for an award of attorneys' fees and expenses. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Agreement, without further notice to the Settlement Class and Sub-Classes other than notice that may be posted at the Court and on the Court's and Settlement Administrator's websites.

16. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

(a) Objections to the Settlement and/or to the application for attorneys' fees and service awards must be electronically filed with the Court, or mailed to the Clerk of the Court, with a copy to Class Counsel and AOA's counsel. For an objection to be considered by the Court the objection must be: (1) electronically filed no later than 95 days after the entry of this Order preliminarily approving the Settlement; or (2) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and AOA's counsel, at the addresses listed in the Notice, and postmarked by no later than 95 days after the entering of this Order preliminarily approving the Settlement.

(b) For an objection to be considered by the Court, the objection must also set forth:

(i) that it relates to the Action, for which it shall be deemed sufficient to identify the Action;

(ii) the objector's full name, address, email address, and telephone number;

6

     (iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

     (iv) all grounds for the objection, accompanied by any legal support for the objection;

     (v) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the application for Attorneys' Fees, or the application for Service Awards;

     (vi) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

     (vii) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

     (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

     (ix) the objector's signature (an attorney's signature is not sufficient).

  17. The following are the deadlines for the following events:

| EVENT | DATE |
|---|---|
| Notice of Class Action Settlement Mailed and Posted on Internet ("Notice Deadline") (15 days from the date Preliminary Approval of the Settlement is granted) | August 9, 2018 |
| Notice of Class Action Settlement (CAFA Notice) | August 9, 2018 |
| Completion of Mailing Period (35 days from the date Preliminary Approval of the Settlement is granted) | August 29, 2018 |
| Postmark/Filing Deadline for Objections ("Objection Deadline") (95 days from the date Preliminary Approval of the Settlement is granted) | October 29, 2018 |
| Service/Filing Notice of Intention to Appear at Fairness Hearing (95 days from the date Preliminary Approval of the Settlement is granted) | October 29, 2018 |
| Affidavit of Compliance with Notice Requirements (14 days after Completion of | September 12, 2018 |

| | |
|---|---|
| Mailing Period) | |
| Filing Motion for Final Approval, Attorney Fees, Reimbursement of Expenses, and Service Awards To be Filed by Class Counsel (No later than 21 days prior to Objection Deadline) | October 8, 2018 |
| Fairness Hearing (at the Court's discretion) | November 9, 2018 at 2:00 p.m. |

18. In the event that the settlement does not become effective for any reason, this Preliminary Approval Order and Judgment shall be rendered null and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement. If the settlement does not become effective, the AOA and any Released Parties (as defined in the Agreement) shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(2) are not satisfied for purposes of continued litigation). The Action shall thereupon revert immediately to its respective procedural and substantive status prior to the date of execution of the Agreement and shall proceed as if the Agreement and all other related orders and papers had not been executed.

19. Nothing in this Preliminary Approval Order and Judgment, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the AOA, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed settlement and Agreement.

20. All other proceedings in the Action are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed settlement. No discovery with regard to the Action, or with respect to this settlement, shall be permitted other than as may be directed

by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the settlement, all Settlement Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

21. The Court shall retain continuing jurisdiction over the Action, the Parties and the Class, and the administration, enforcement, and interpretation of the Agreement. Any disputes or controversies arising with respect to the Agreement shall be presented by motion to the Court.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.