**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERT TALONE, D.O., CRAIG WAX, D.O., RICHARD RENZA, D.O., ROY STOLLER, D.O., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN OSTEOPATHIC ASSOCIATION,<br><br>Defendant. | 1:16-cv-04644-NLH-JS<br><br>**ORDER [90, 91]** |

For the reasons expressed in an Opinion to be filed forthwith,

IT IS on this  30th    day of November, 2018

ORDERED that the Clerk of the Court shall administratively re-open the action; and it is further

ORDERED that the Joint MOTION for Settlement Approval and Certification of Settlement Class and Sub-Classes [90] be, and the same hereby is, GRANTED; and it is further

ORDERED that the settlement (including all terms of the Settlement Agreement and Release between the Class Representatives and the AOA, and exhibits thereto) (the "Agreement") is hereby FINALLY APPROVED, as follows:

1. Because the Agreement meets the standards for final approval, and is fair, reasonable, and adequate, the Court grants final approval of all terms of the Agreement and all of its exhibits.

2. The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(2) have been satisfied, including that the proposed settlement class is currently and readily ascertainable based on objective criteria.

3. The Court finally certifies the Settlement Class as follows:

   All persons who were members of the AOA (regardless of membership category) and all persons or entities who paid dues on behalf of anyone who was a member of the AOA at any time since August 1, 2012.

4. The Court finally certifies the AOA Board-Certified Sub-Class as follows:

   All members of the Settlement Class that have held AOA Board certifications since August 1, 2012.

5. The Court finally certifies the Lifetime Sub-Class as follows:

   All members of the Settlement Class who received "lifetime" board certification (collectively, the "Settlement Class and Sub-Classes").

6. The Court finds that the requirements of Rule 23(a) are satisfied as follows:

   (a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class and Sub-Classes are so numerous that

2

joinder of all members is impracticable.

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class and Sub-Classes.

(c) The Court finally appoints Albert Talone, D.O., Craig Wax. D.O., Richard Renza, D.O., and Roy Stoller, D.O. as Class Representatives.

(d) The Court finally appoints Duane Morris LLP as Class Counsel pursuant to Rule 23(g).

(e) Pursuant to Fed. R. Civ. P. 23(a)(3), the Class Representatives have claims that are typical of the claims of the Settlement Class and Sub-Classes, because their claims are based on the same allegedly unlawful conduct by AOA that is the basis of the claims by other members of the Settlement Class and Sub-Classes, and their allegations against AOA are based on the same legal theories as the allegations of other members of the Settlement Class and Sub-Classes.

(f) Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and Sub-Classes, and the interests of the Class Representatives are not antagonistic to those of the Settlement Class and Sub-Classes. Furthermore, the Class

Representatives are represented by Class Counsel who is experienced and competent in the prosecution of complex class action litigation.

7. The Court further finds that the requirements of Rule 23(b)(2) are satisfied, namely that the AOA has acted or refused to act on grounds that apply generally to the Settlement Class and Sub-Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class and Sub-Classes as a whole, and that the Settlement Class and Sub-Classes are properly certified as mandatory, non-opt-out classes.

8. The Releasors (as defined in the Agreement) are permanently enjoined and barred from instituting or pursuing any Released Claims (as defined in the Agreement), either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state or federal court, or in any tribunal, agency or other authority or forum wherever located.

9. The Releasors release, discharge and covenant not to sue the Releasees (as defined in the Agreement) with respect to any Released Claims.

10. This Order and Final Judgment does not release or compromise any claims against any person or entity that fall outside of the Released Claims; and it is further

4

ORDERED that Plaintiffs' MOTION for Attorney Fees, Reimbursement of Expenses, and Approval of Service Awards [91] be, and the same hereby is, GRANTED, as follows:

1. Class Counsel are awarded attorneys' fees and reimbursement of expenses in the amount of $2,617,000.
2. The Defendant American Osteopathic Association ("AOA") is responsible for paying said attorneys' fees and expenses in accordance with the terms and conditions of the Settlement Agreement among the plaintiffs and the AOA.
3. Other than the $2,617,000 set forth above, AOA shall have no liability to plaintiffs or their counsel for any fees, expenses, or other payments in connection with this litigation.
4. Incentive awards in the amount of $15,000 are awarded to Albert Talone, D.O., Craig Wax. D.O., Richard Renza, D.O., and Roy Stoller, D.O., to be paid by Class Counsel to the Class Representatives from the proceeds of the award of attorneys' fees and expenses to Class Counsel, in accordance with the terms and conditions of the Settlement Agreement among the plaintiffs and the AOA; and it is further

ORDERED that the Court retains exclusive jurisdiction over

5

the Action, the Parties and the Settlement Class and Sub-Classes to consider all further matters arising out of or connected with the Agreement through November 30, 2019; and it is finally

ORDERED that the Clerk of the Court is directed to mark this matter as CLOSED.

At Camden, New Jersey
                               s/ Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.